United States District Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX JOSEPH ROY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00054 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Alex Joseph Roy is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Roy filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 17, 2023. (D.E. 1-2 at 1).[1] Liberally construed, Roy raises a claim regarding violations of his Fifth and Fourteenth Amendment rights during his state proceedings. (D.E. 1 at 6). Further, Roy claims his ex post facto rights have been violated. (*Id.* at 7). Respondent filed a motion for summary judgment contending that the § 2254 petition is untimely and that the petition raises no cognizable issues. (D.E. 15). Roy responded to Respondent's summary judgment motion. (D.E. 18). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary

---

[1] Roy's petition does not indicate when he placed it in the prison mailing system. (D.E. 1 at 11). However, the envelope containing the petition was postmarked February 17, 2023. (D.E. 1-2 at 1).

judgment (D.E. 15) be **GRANTED** and that Roy's petition be **DISMISSED** as untimely. It is further recommended that a Certificate of Appealability ("COA") be **DENIED**.

## I. JURISDICTION

Roy is currently confined in Bee County, Texas, which is in the Corpus Christi Division of the Southern District of Texas. Therefore, this court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his petition, Roy first contends the state habeas court failed to adequately process and review his claims in violation of his due process and equal protection rights. (D.E. 1 at 7; D.E. 2 at 2-6). Second, Roy claims his ex post facto rights have been violated because his good time credits have not been restored. (D.E. 1 at 7-8; D.E. 2 at 6-13). Finally, Roy contends his ex post facto rights have been violated because he was denied his street time credits following his parole revocation. (D.E. 1 at 8; D.E. 2 at 9).

### b. State Court Records

In January 1988, Roy was charged in an indictment as a habitual felony offender with one count of aggravated robbery, in violation of Tex. Penal Code § 29.03. (D.E. 12-1 at 4). Roy was found guilty by a jury and sentenced to 95 years' imprisonment. (*Id.* at 19). Roy appealed the conviction, but the Court of Appeals affirmed the judgment of the trial court on August 21, 1989. (*Id.* at 55).

Roy was released to parole supervision on March 29, 2011. (D.E. 15-1 at 2). His parole was subsequently revoked on January 6, 2014, and he was later transferred to the TDCJ. (*Id.* at 3). This resulted in the forfeiture of one year, nine months, and twenty-six days of "street time" credit pursuant to Tex. Gov't Code § 508.283(b). (D.E. 12-1 at 82; D.E. 15-1 at 2). Following his return from parole, Roy submitted a Time Credit Resolution Form which was received on February 11, 2015. (D.E. 15-1 at 3). On February 25, 2015, Roy was instructed that his "good time is forfeited by statute upon the revocation of supervision" and that he was "not eligible for restoration." (*Id.* at 3). More than six years later, Roy submitted another Time Dispute Resolution Form, which was received on October 12, 2021. (*Id.*). The TDCJ replied on February 7, 2022 that Roy's "mandatory supervision date is calculated by when [his] Flat, Good, and Bonus time equal 100% of [his] 95 year sentence." (D.E. 18-13).

On July 28, 2022, Roy filed an application for a writ of habeas corpus under Tex. Code of Crim. P. art. 11.07. (D.E. 12-1 at 57-72). This application was subsequently denied by the Texas Court of Criminal Appeals on November 2, 2022. (D.E. 12-2 at 1).

### III.   DISCUSSION

#### a. Roy's Petition is Untimely

In the motion for summary judgment, Respondent argues that Roy's petition is untimely because, based on Roy's alleged factual predicate date, the one-year statutory limitations period under 28 U.S.C. §2244(d) expired on February 25, 2016. (D.E. 15 at 5). Respondent further explains that while § 2244(d)(2) does allow for statutory tolling during

the pendency of properly filed state applications, the application must be filed prior to the expiration period. (*Id.*). Because Roy's state application was not filed until July 28, 2022, Respondent concludes Roy is not entitled to statutory tolling. (*Id.*). Respondent also contends Roy is not entitled to equitable tolling because Roy has not shown exceptional circumstances warranting its application. (*Id.* at 6). Finally, Respondent argues Roy's claims are not cognizable in this forum because he complains of deficiencies in his state habeas corpus proceedings rather than the detention itself. (*Id.* at 7).

In his response, Roy states his lack of timeliness is excused because he never received a response to his original Time Dispute Resolution Form. (D.E. 18 at 1). He further states he was instructed to request another form and to re-file it, but when he did, he was told he could only file one Time Dispute Resolution Form per year. (*Id.* at 2). Finally, Roy argues that his untimely filing is also excused because he: (1) filed a step one and step two grievance; (2) wrote a letter to the parole board; and (3) wrote to a Texas State Senator. (*Id.* at 2-4).

A one-year limitation period applies to a petition for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of : (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right

4

asserted was initial recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

The one-year limitation period is subject to two distinct types of tolling. The first type derives directly from § 2244, which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The second kind, equitable tolling, will be applied only if the petitioner can demonstrate that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 F.3d 631, 649 (2010). When determining whether equitable tolling applies, the court must look to the particular facts and circumstances of the case. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). A standard claim of excusable neglect will not warrant equitable tolling. *Holland*, 560 F.3d at 651. Further, ignorance of the law generally does not excuse untimely filing, even if the prisoner is functioning *pro se*. *Felder*, 204 F.3d at 172; *see also Rader*, 721 F.3d at 344 (stating delays created by the petitioner's own doing do not qualify for equitable tolling).

Here, Roy's § 2254 petition is untimely and he has not established that he is entitled to statutory or equitable tolling. Section 2244(d)(1)(D), the relevant provision, states that the one-year limitation period will begin when the factual predicate of the claim presented

could have been discovered through the exercise of due diligence. The provision allows for tolling of the limitation period during a properly filed application for state court collateral review. 28 U.S.C. § 2244(d)(2). Roy was notified on February 25, 2015, of the loss of both his good time and street time. (D.E. 15-1 at 3). Roy's time to file his petition or expired one year later on February 25, 2016. *Id.* § 2244(d)(1)(A).

Roy is not entitled to statutory tolling. While Roy filed both a step one and step two grievance form, he failed to file his state habeas application until July 28, 2022, which is more than six years after the initial one-year limitation deadline expired. (D.E. 2 at 2; D.E. 12-1 at 88-92); 28 U.S.C. § 2244(d)(1)(D). Roy is also unable to demonstrate that he is entitled to equitable tolling. Roy contends that he demonstrated due diligence in pursuing his rights by filing an initial Time Resolution form and writing to the parole board. (D.E. 18 at 1-3). But Roy's failure to satisfy the statute of limitations "must result from external factors beyond his control. *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019). Further, delays of the petitioner's own making do not qualify for equitable tolling. *Id.* Roy has not shown that he was faced with an extraordinary circumstance that prevented him from filing a state habeas application at any point. Because nothing prevented such a filing, Roy demonstrates a lack of due diligence. Therefore, Roy is not entitled to equitable tolling. *Holland*, 560 U.S. at 649.

### b. Cognizability of State Habeas Claim

Respondent next argues that Roy's claim regarding his state habeas proceedings is not cognizable on federal habeas review. (D.E. 15 at 7).

"An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is 'an attack on a proceeding collateral to the detention and not the detention itself." *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Further, "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984).

Here, Roy complains of deficiencies in his state habeas proceedings. These complaints include that: (1) he has not received a written order concerning his application; (2) that the Dallas County Clerk erred in filing Roy's application on September 1, 2022; and (3) that he had not received any copies of the state's responses to his application. (D.E. 2 at 1-3). Roy's claims arise from the state court's actions in habeas proceedings, and not the underlying proceedings themselves. *Nichols*, 69 F.3d at 1275. The Fifth Circuit has consistently concluded that claims arising out of state habeas proceedings do not raise an error of "constitutional magnitude." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (quoting *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994)). Therefore, his claims are not cognizable in a § 2254 petition.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(2). Although Roy has not yet filed a notice of appeal, the issue of whether he is entitled to a certificate of appealability ("COA") will be addressed.

7

A COA may be issued only if the prisoner makes a "substantial showing of the denial of a constitutional right." *Id.* A COA inquiry requires an overview of the claims of the habeas petition and a general assessment of the merits. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects a petitioner's claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Roy's claims are time-barred and not cognizable in a § 2254 petition, it is recommended that a COA be denied.

V. **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 15) be **GRANTED** and Roy's § 2254 petition be **DENIED**.

8

(D.E. 1). In addition, it is further recommended that any request for a Certificate of Appealability be **DENIED.**

Respectfully submitted on June 27, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).