United States District Court
Southern District of Texas
**ENTERED**
January 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX JOSEPH ROY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00054 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART

Petitioner Alex Joseph Roy, a person in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  D.E. 1.  Respondent Bobby Lumpkin filed a motion for summary judgment, arguing that Roy's petition is untimely and raises claims that are not cognizable on federal habeas review.  D.E. 15. United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R), recommending that Respondent's motion for summary judgment be granted, that Roy's petition be dismissed as untimely, and that Roy be denied a Certificate of Appealability (COA).  D.E. 19.  Roy timely objected.  D.E. 20.  The Court addresses each objection below.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R, *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[1] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

As a preliminary matter, reviewing the M&R for plain error, the Court finds that the limitations period for Roy's claims concerning the loss of his time credit began running earlier than February 25, 2015, which was the date found by the Magistrate Judge. D.E. 19, p. 6. The Magistrate Judge ruled on the date limitations accrued on the basis of arguments provided by the parties, both of which were wrong.

A one-year limitations period applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.

---

[1] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R and stating that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

§ 2244(d)(1)(A).  Roy's limitations period runs from the date he could have discovered the factual predicate of his claims through the exercise of due diligence.  *Id.* § 2244(d)(1)(D).  Here, Roy's claims arise out of the loss of his street and good time credit, which he lost when his parole was revoked.   D.E. 1, pp. 7–8; Tex. Gov't Code Ann. §§ 498.004(b), 508.283(b).  In similar cases where a petitioner challenges the loss of time credit after a parole revocation, courts have found that the limitations period runs from the date the petitioner's parole was revoked.  *Davis v. Lumpkin*, No. CV H-20-1485, 2021 WL 496779, at *2 (S.D. Tex. Feb. 10, 2021) (citing *Sanford v. Thaler*, 481 F. App'x 202, 203 (5th Cir. 2012)); *Reed v. Thaler*, No. CIV.A. H-11-4365, 2012 WL 1952420, at *3 (S.D. Tex. May 30, 2012).  At the latest, the limitations period begins when the petitioner is returned to custody after a parole revocation because inmates should know that their sentence is recalculated when they are returned to prison.  *Barber v. Davis*, No. CV SA-19-CA-0785, 2019 WL 6525190, at *2 (W.D. Tex. Dec. 2, 2019); *King v. Lumpkin*, No. 4:21-CV-1648, 2022 WL 479939, at *2 (S.D. Tex. Feb. 11, 2022).

Roy's parole was revoked January 6, 2014, and he was returned to TDCJ custody on January 31, 2014.  D.E. 15-1, p. 3; D.E. 12-1, p. 82.  Thus, Roy could have discovered on January 31, 2014, through the exercise of due diligence, that he lost his time credit. Therefore, the Court finds that Roy's limitations period began, at the latest, on January 31, 2014, and expired January 31, 2015.  Now, the Court addresses each of Roy's objections.

**Merits.**  First, Roy objects that the Magistrate Judge did not address the merits of his claims.  D.E. 20, p. 1.  Roy's claims arise out of complaints regarding his state habeas

proceedings and the loss of his street and good time credit after his parole was revoked on January 6, 2014. D.E. 1, pp. 7–8. The Magistrate Judge correctly declined to address the merits of Roy's claims concerning his state habeas proceedings because "infirmities in state postconviction proceedings are not grounds for relief under § 2254." *In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023). And the Magistrate Judge correctly declined to address the merits of Roy's claims for the loss of his time credit because his suit is untimely. *See* 28 U.S.C. § 2244(d)(1); *Jones v. Lumpkin*, 22 F.4th 486, 489 (5th Cir.), *cert. denied*, 143 S. Ct. 127 (2022). Thus, the Court **OVERRULES** Roy's objection.

**Exhausting State Remedies.** Roy objects that the Magistrate Judge failed to look at the exhibits he filed, which he claims show that he diligently exhausted his state remedies before filing suit. D.E. 20, pp. 1. Roy's exhibits include his second Time Credit Dispute Resolution Form (TDR), multiple grievances, a request for special review, a letter to a Texas senator, and letters and responses from the parole board. D.E. 18-2 through 18-14.

Roy's objection appears to be based on the fact that the M&R does not discuss this evidence. But there is no error in the M&R if the evidence would not change the outcome. Roy's additional exhibits are irrelevant because they were not required to exhaust state remedies. Roy could have filed his state habeas suit 180 days after timely filing a TDR, even if he never received a written decision on it. *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010). Then, Roy could have filed his federal habeas suit once the state court resolved his state petition. *Orman v. Cain*, 228 F.3d 616, 619–20 (5th Cir. 2000). Exhausting state remedies "requires no more." *Id.* Roy's additional actions to challenge his time credits,

which he terms "due diligence,"[2] cannot change the result when they were not the actions required by law to comply with limitations. Thus, the Court **OVERRULES** Roy's objection.

Roy objects multiple times that he has steadily tried to get relief through the state system and that his suit would have been premature until he was denied mandatory supervision in 2021. D.E. 20, pp. 1, 3. Roy is incorrect. Absent tolling, Roy had to file his federal habeas suit no later than one year after the date he could have discovered the factual predicate of his claims through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(d). Roy lost his time credit when his parole was revoked in 2014. D.E. 15-1, p. 3; D.E. 12-1, p. 82; Tex. Gov't Code Ann. § 508.283(b). When Roy was returned to prison on January 31, 2014, he should have known that his sentence was recalculated. D.E. 12-1, p. 82; *King*, 2022 WL 479939, at *2. By this point, Roy's suit was not premature, and he could have filed a TDR. The Court **OVERRULES** Roy's objection.

Roy similarly objects that exhausting state remedies is an ongoing chain of hurdles and that he could only file one TDR a year. D.E. 20, p. 1. Roy argues that this is a "Catch 22" because inmates either have their suits dismissed for failure to exhaust state remedies or they exhaust their state remedies and have their suits dismissed as untimely. *Id.* at pp. 1–2. Roy's objection is not proper because it does not specifically identify a finding by

---

[2]  The "due diligence" required by law is that which applies to learning of the basis of his claim to start the limitations deadline. *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019). This standard is an objective one, and it does not mean that a prisoner satisfies his litigation deadlines by taking actions other than those prescribed for obtaining his remedy. *See id.* (applying an objective standard as to when a petitioner should be on notice of the facts that support a claim); *Stone*, 614 F.3d at 139 (stating that a second TDR, which was not required, does not affect the limitations period); 28 U.S.C. § 2244(d).

the Magistrate Judge. *See Battle*, 834 F.2d at 421; Fed. R. Civ. P. 72(b)(3). Regardless, he is incorrect. Roy did not need to file more than one TDR before filing his state habeas suit. Tex. Gov't Code Ann. § 501.0081(b); *Stone*, 614 F.3d at 139. This could have been done without missing his limitations deadline. Thus, the Court **OVERRULES** Roy's objection.

**Pro Se Standard.** Next, Roy objects that the Magistrate Judge held him to a stricter standard than Respondent instead of construing his pleadings liberally. D.E. 20, p. 2. Nothing in the M&R's analysis supports Roy's assertions. Both the Magistrate Judge and this Court have liberally construed Roy's pleadings. The Court **OVERRULES** this objection.

**Summary Judgment Evidence.** Next, Roy asserts several objections to the Magistrate Judge's recommendation that summary judgment be granted and to Respondent's summary judgment affidavit. *Id.* First, Roy objects that the Magistrate Judge should not have accepted the affiant's statements because the affidavit lacks supporting documents and is false. *Id.* Roy argues that Respondent must support the affidavit with the documents referenced therein. *Id.*

Roy's argument that the affiant lacks supporting documents is unavailing. A movant is not required to attach documents in support of a summary judgment affidavit for it to be competent summary judgment evidence. Respondent's affidavit satisfies the requirements in Rule 56 because it is made on personal knowledge and sets forth facts that can be presented in an admissible form at trial. Fed. R. Civ. P. 56(c). Moreover, contrary

to Roy's assertions, nearly all the records that the affiant references were filed by Respondent in an earlier docket entry. *See* D.E. 12 (containing Roy's records). It appears then that Roy's objection is primarily a challenge to the affiant's statement that Roy received notice of his time loss on February 25, 2015, since no document filed supports this statement. D.E. 15-1, p. 3. At most, the failure to provide a document supporting this statement would only result in the Court disregarding that statement, not the entire affidavit. *See Lee v. Nat'l Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir. 1980) (stating that "[t]he rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit"). However, this would not impact the Court's decision because, for the reasons discussed below, the Court makes no finding as to whether Roy received notice on February 25, 2015. And as discussed earlier, Roy's claims are untimely, but not for any reasons relating to February 25, 2015; rather, summary judgment is proper based on other evidence presented which shows when Roy returned to TDCJ custody after his parole was revoked. D.E. 12-1, p. 82; D.E. 2, p. 7.

Furthermore, Roy's argument that the affidavit is false is incomplete. To challenge the affidavit, Roy must do more than suggest that it is false. He must supply controverting evidence that, at a minimum, raises a disputed issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Pac. Premier Bank v. Hira*, 768 F. App'x 229, 231 (5th Cir. 2019). He failed to do so. Thus, the Court **OVERRULES** this objection.

Second, Roy objects a number of times to the Magistrate Judge's finding that he received notice of the loss of his time credit on February 25, 2015, and that his limitations

period began then.  D.E. 20, pp. 2, 3.  In Respondent's affidavit, the affiant stated that Roy was advised on this date that his good time was forfeited upon his parole revocation.  D.E. 15-1, p. 3.  Roy disputes this and argues that this notice was sent to the wrong unit, so he never received it.  D.E. 20, p. 2.  Roy cites prior grievances about this issue and other correspondence sent to the wrong unit.  *Id.*; D.E. 18-3, D.E. 18-4.

The Court agrees with Roy.  At the summary judgment stage, courts must resolve factual disputes in favor of the nonmovant when both parties have submitted evidence of contradictory facts.  *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Thus, the Court **SUSTAINS** Roy's objection and makes no finding as to whether Roy received actual notice of his time loss on February 25, 2015.

However, summary judgment is still proper because this dispute does not concern a material fact.  *Liberty Lobby, Inc.*, 477 U.S. at 248.  Only disputes about material facts preclude summary judgment, and a fact is material only when its resolution might affect the case's outcome.  *Id.*  Whether Roy received this notice does not affect the outcome of this case because Roy's limitations period had already expired by then.  For the reasons discussed above, the Court finds that Roy's limitations period began running on January 31, 2014, and expired on January 31, 2015.  Thus, Roy's suit is still untimely, and Respondent is entitled to summary judgment.

Third, Roy objects that the affiant is not credible because he mistakenly referred to Roy as "Wilson" once despite swearing to the affidavit's correctness and accuracy.  D.E.

20, p. 2.  Roy argues that this is a reason why Respondent should have to provide more evidence.  *Id.*  However, this one reference does not make the affidavit inadmissible, and courts may not weigh evidence or make credibility determinations at the summary judgment stage.  *Liberty Lobby, Inc.*, 477 U.S. at 255.  Furthermore, the statement referencing "Wilson" is irrelevant to the Court's decision as it does not concern any material fact and appears to be a clerical error.  Thus, the Court **OVERRULES** Roy's objection.

Fourth, Roy objects that the affidavit has numerous misstatements and falsehoods.  D.E. 20, p. 2.  However, the only statements Roy identifies as false are that he received notice on February 25, 2015, and the reference to "Wilson" instead of Roy.  *Id.*  As discussed, neither of these precludes summary judgment, and for any other unidentified falsehoods, not even a pro se litigant can oppose a sworn affidavit with unsworn conclusory statements.  *Turner v. Baird*, 707 F. App'x 290, 291 (5th Cir. 2017) (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)); *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 848 (S.D. Tex. 2011).  Thus, the Court **OVERRULES** Roy's objection.

Fifth, Roy objects that the Magistrate Judge accepted everything Respondent said as true without any proof but doubted everything Roy said despite Roy's evidence of diligently exhausting state remedies.  D.E. 20, p. 2.  Again, nothing in the M&R's analysis supports any assertion that the Magistrate Judge treated Roy unfairly, and Roy's additional exhibits are irrelevant.  Even if the Court were to disregard Respondent's affidavit, the

evidence still shows that Roy's limitations period began no later than January 31, 2014, and that his suit is untimely. *See* D.E. 2, p. 7 (stating that Roy had served one year in the McConnell Unit on January 31, 2015); D.E. 12-1, p. 82. Thus, the Court **OVERRULES** Roy's objection.

**Limitations Period.** Roy also objects to the Magistrate Judge's calculation of his limitations period. First, Roy objects that if a one-year limitations period applies, it should not have started running until November 2, 2022, when the state court rendered judgment on his state habeas suit. D.E. 20, pp. 2–3. Roy argues that this was the first state court judgment. *Id.* Roy is incorrect. A one-year limitations period applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1)(A). This applies to Roy as he is serving a sentence pursuant to a Texas state court judgment from 1988. D.E. 12-1, pp. 19, 27; D.E. 1, p. 3. This limitations period runs from the latest of certain events, one of which is the date that the petitioner's judgment became final. 28 U.S.C. § 2244(d)(1)(A). However, the relevant judgment there is the judgment resulting in Roy's conviction, not the one on his state habeas claim. *See id.*; *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because the judgment resulting in Roy's conviction was rendered in 1988, the latest event for limitations purposes is instead when Roy could have discovered the factual predicate of his claim through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). For the reasons discussed earlier, this was when Roy was returned to TDCJ custody after his parole was revoked, which was in 2014. Therefore, Roy's limitations period began running and

expired before judgment was rendered in his state habeas case.  The Court **OVERRULES** this objection.

Second, Roy objects that he did not discover the factual predicate of his claims until February 7, 2022, because this is when he first received a written decision regarding his TDRs.  D.E. 20, p. 3.  However, even if he did not receive a written decision until then, Roy knew by April 2015 that he had lost his time credit and that notice of the first TDR decision had been sent to him.  D.E. 18-3; D.E. 18-5; D.E. 12-1, p. 84, D.E. 18, p. 1. Regardless, the limitations period runs from the date Roy could have discovered he lost his time credit through the exercise of due diligence, not when it was actually discovered. 28 U.S.C. § 2244(d)(1)(D).  Roy could have discovered he lost his time credit when he was returned to the custody of TDCJ on January 31, 2014, after his parole was revoked.  *King*, 2022 WL 479939, at *2.  Thus, the Court **OVERRULES** Roy's objection.

**Equitable Tolling.**  Roy objects to the Magistrate Judge's determination that no extraordinary circumstances warrant equitable tolling here.  D.E. 20, pp. 3–4.  He argues that extraordinary circumstances exist because he never received notice that his first TDR was denied.  *Id.*  First, Roy's limitations period expired before he filed this TDR.  Second, failure to receive a TDR decision is not an extraordinary circumstance because 180 days after filing the TDR, a petitioner can file his state habeas suit.  *Stone*, 614 F.3d at 139; *Jones*, 22 F.4th at 490 (stating that extraordinary circumstances only exist when external factors beyond a petitioner's control prevent him from timely filing).  Roy has not shown

that any extraordinary circumstance prevented him from filing his suit before January 31, 2015.  Thus, the Court **OVERRULES** Roy's objection.

Roy also objects to the Magistrate Judge's determination that he has failed to show he diligently pursued his rights.  D.E. 20, pp. 3–4.  Roy cites his attempts to exhaust state remedies as support.  *Id.*  However, Roy has not shown that he exercised due diligence during his limitations period because he has not shown that he took any action before his limitations period expired in 2015.  Thus, the Court **OVERRULES** Roy's objection.

**Bias.**  Roy objects that the Magistrate Judge applied statutes that do not pertain to him.  D.E. 20, p. 4.  It appears that Roy is referring to the Magistrate Judge's application of § 2244(d)(1) and his objection that there was no state court judgment until 2022.  However, as already discussed, this statute applies because Roy is a person in custody pursuant to a state court judgment, and the limitations period began running before judgment was rendered in Roy's state habeas case.  *See* 28 U.S.C. § 2244(d)(1).  Thus, the Court **OVERRULES** this objection.

Roy also objects that the Magistrate Judge showed a biased opinion of the evidence presented by Roy and a preference for Respondent. D.E. 20, p. 4. Having reviewed the record, including Roy's evidence, and the M&R's analysis, nothing indicates that the Magistrate Judge exhibited bias against Roy.  An adverse ruling, alone, does not show judicial bias.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The standard is much higher.  *See id.; Hastey v. Bush*, 100 F. App'x 319, 320 (5th Cir. 2004) ("Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial

source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."). Because Roy has not met this high bar, the Court **OVERRULES** this objection.

Similarly, Roy objects that Respondent has produced no evidence besides the affidavit, which Roy argues is not credible because of the reference to an inmate named Wilson. *Id.* As discussed, courts cannot make credibility determinations or weigh evidence at the summary judgment stage. *Liberty Lobby, Inc.*, 477 U.S. at 255; *Wells*, 885 F.3d at 889. The record shows that no genuine dispute of material fact exists, so the Court **OVERRULES** this objection.

**COA.** Roy objects to the Magistrate Judge's recommendation that he be denied a COA. D.E. 20, p. 4. Roy argues that reasonable jurists would conclude that his constitutional rights were violated. *Id.* However, to be granted a COA on a procedural issue, a petitioner must show that reasonable jurists would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Magistrate Judge correctly determined, reasonable jurists could not conclude that Roy's case is timely or that it should proceed further when his claims are untimely and not cognizable in a federal habeas petition. *Id.* These plain procedural bars warrant denying a COA. *Id.* Thus, the Court **OVERRULES** Roy's objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Roy's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **SUSTAINS** Roy's objections to the Magistrate Judge's findings that Roy received notice on February 25, 2015, and that his limitations period began then. The Court instead finds that Roy's limitations period began on January 31, 2014, and expired on January 31, 2015. The Court **OVERRULES** Roy's other objections and **ADOPTS** as its own all other findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 15) is **GRANTED**, Roy's § 2254 petition (D.E. 1) is **DISMISSED**, and a Certificate of Appealability is **DENIED**.

**ORDERED** on January 3, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE